**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**OPTIO RX, LLC, et al.,**

    **Plaintiffs,**

v.                                            CASE NO. 3:23-cv-08993-MCR-HTC

**CRESTVIEW CITY**
**PHARMACY, INC., et al.,**

    **Defendants.**

_____/

## ORDER

    Pending before the Court is Plaintiff Optio Rx, LLC and Crestview Pharmacy, LLC's (collectively, "Plaintiffs") Emergency Verified Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction. ECF No. 1-5. On consideration, the Court finds that Plaintiffs' motion should be decided following an evidentiary hearing.

    OptioRx operates pharmacies nationwide, including Crestview Pharmacy located in Crestview, Florida. The individually named Defendants were formerly

employed at Crestview Pharmacy.[1]  The nine-count Verified Complaint[2] and the Verified Motion for Temporary Restraining Order and Preliminary injunction allege that Defendants have committed "unlawful competitive activity" by leaving their employment at Crestview Pharmacy, causing a mass exodus of employees who were solicited to join them, and starting a competing pharmacy called Crestview City Pharmacy, endangering Plaintiffs' trade secrets and confidential client information and soliciting Crestview Pharmacy's customers.  ECF No. 1-6 at 6-7.  The Plaintiffs request a TRO providing "emergency injunctive relief to enjoin further unlawful competitive activity by Defendants" pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Rule 7.1(L).  *Id.* at 7.  The Plaintiffs provided no security but argue that no bond should be required.

The Federal Rules of Civil Procedure provides that an *ex parte* TRO may issue only if (1) "specific facts in an affidavit or a verified complaint clearly show that

---

[1] The Defendants consist of Crestview City Pharmacy, LLC, Jennifer Reshay Densman, Christopher Neil Densman, and Bryan Henderson. (collectively, "Defendants").  Additionally, the Plaintiffs refer to Amanda Davey, Claudia Barnett, Kari Waites, Victoria Ballard,-Morgan Meeks, Kyndall Barber and Ellen Stafford a "Nominal Defendants."  ECF No. 1 at 1-2.

[2] More specifically, the Verified Complaint includes counts for: (1) federal unfair competition in violation of § 1125(a) of the Lanham Act; (2) Florida common law trademark infringement and unfair competition; (3) misappropriation of trade secrets in violation of the defend trade secrets act; (4) violations of Fla. Stat. § 688.02 Florida uniform trade secrets act; (5) breach of contract; (6) tortious interference with contract; (7) breach of duty of loyalty; (8) unfair competition; and (9) civil conspiracy.  ECF No. 1.

CASE NO.  3:23-cv-08993-MCR-HTC

immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).  Also, the court may issue a TRO "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).

Here, the Plaintiffs' initial TRO request did not include Rule 65(b)'s attorney certification requirement.  As a result, the Court ordered that the certification be submitted before any ruling on the motion would issue.  In response, Plaintiffs' attorney certified that Plaintiffs have now provided actual notice of the verified complaint and TRO request to Defendants.  Given that actual notice has been provided, the Court finds it appropriate to convert the request for an emergency TRO into an emergency preliminary injunction motion and schedule a hearing, giving the Defendants an opportunity to appear and respond.[3]  ECF No. 5.  Because "notice is

---

[3] The Court's Order on April 29, 2023 found the TRO motion deficient because the Plaintiffs did not include counsel's certification in writing as to the efforts made to give notice and the specific reasons why notice should not be required, as required by Rule 65(b)(1)(B). ECF No. 5. Plaintiffs' response to the order was to provide actual notice to the Defendants rather an explanation for why notice should not be required.  Given that Defendants now have notice, a TRO without notice isn't appropriate.

CASE NO.  3:23-cv-08993-MCR-HTC

initiated, it 'in essence eliminates the request for a TRO.' " *Glob. Lab Partners, LLC v. DirectMed DX*, LLC, 3:18CV246-MCR/CJK, 2018 WL 889481, at *3 n.3 (N.D. Fla. Feb. 14, 2018) (citing *United Subcontractors, Inc. v. Godwin*, No. 11-81329-CIV-Hurley/Hopkins, 2011 WL 13228999, at *2 (S.D. Fla. Dec. 12. 2011) (report and recommendation recommending the denial of a TRO on allegations of breach of a noncompete agreement), *adopted by* 2012 WL 13019740 (S.D. Fla. Jan. 3, 2012)); *United States v. Alabama*, 791 F.2d 1450, 1458 (11th Cir. 1986) ("The former Fifth Circuit has indicated that 'where the opposing party has notice of the application for the temporary restraining order, such order does not differ functionally from a preliminary injunction,'" and one to three days' notice was sufficient).

Also pending is Plaintiffs' Emergency Motion for Expedited Discovery, seeking written discovery as well as depositions of the Individual Defendants. ECF No. 1–7. The motion will be denied without prejudice because an emergency expedited hearing is granted as requested. If Plaintiffs decide that discovery is

CASE NO.  3:23-cv-08993-MCR-HTC

needed prior to the hearing, they may renew the motion and request a continuance of the hearing.[4]

Accordingly:

1. Plaintiffs' Emergency Verified Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 1-5, will be decided following an evidentiary hearing. An evidentiary hearing is hereby scheduled for **Friday, May 5, 2023 at 9:00 a.m. (CDT)**, in Courtroom 5, United States Courthouse, One North Palafox Street, Pensacola, FL 32502.

2. Plaintiffs' Emergency Motion for Expedited Discovery, ECF No. 1–7, is **DENIED without prejudice.**

3. Plaintiffs are directed to promptly serve the Defendants with this Order and to file a notice of compliance on the Court's docket.

**DONE AND ORDERED** this 2nd day of May 2023.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[4] If the motion is renewed, the Court will permit only written discovery prior to the hearing, not depositions. Plaintiffs are free to subpoena the Individual Defendants to secure their testimony at the hearing.

CASE NO.  3:23-cv-08993-MCR-HTC