## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

OPTIO RX, LLC &
CRESTVIEW PHARMACY, LLC,

        Plaintiffs,

   v.

CRESTVIEW CITY PHARMACY, INC.,
JENNIFER RESHAY DENSMAN,
CHRISTOPHER NEIL DENSMAN &
BRYAN HENDERSON,

        Defendants,

AMANDA DAVEY, CLAUDIA
BARNETT, KARI WAITES, VICTORIA
BALLARD, MORGAN MEEKS,
KYNDALL BARBER & ELLEN
STAFFORD,

        Nominal Defendants.

Case No. 3:23-cv-08993-MCR-HTC

## ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANTS CRESTVIEW CITY PHARMACY, INC., JENNIFER RESHAY DENSMAN, AND CHRISTOPHER NEIL DENSMAN

      Defendants Jennifer Reshay Densman ("Mrs. Densman"), Christopher Neil

Densman ("Mr. Densman"), and Crestview City Pharmacy, Inc. d/b/a Hometown

Pharmacy ("Hometown Pharmacy", and together with Mrs. Densman and Mr.

Densman, "Defendants"), by their undersigned attorneys, Answer the Verified

Complaint of Plaintiffs Optio Rx, LLC ("Optio") and Crestview Pharmacy, LLC

1

("Crestview Pharmacy", and together with Optio, "Plaintiffs") (the "Complaint"), as follows:

## ANSWER TO VERIFIED COMPLAINT

### AS TO NATURE OF THE CASE

1.     Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 1 of the Complaint.

2.     The allegations in ¶ 2 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the allegations in ¶ 2 of the Complaint.

3.     The allegations in ¶ 3 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the allegations in ¶ 3 of the Complaint.

4.     The allegations in ¶ 4 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the allegations in ¶ 4 of the Complaint.

<u>**As to Parties**</u>

5.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations ¶ 5 of the Complaint.

6.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations ¶ 6 of the Complaint, except that Defendants admit that certain individual Defendants, including Mrs. Densman and Mr. Densman, were previously employed at Crestview Pharmacy.

7.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 7 of the Complaint, except admit that Crestview City Pharmacy has a location at 310 S. Ferdon Blvd, Crestview, Florida 32536.

8.      Defendants deny the allegations in ¶ 8 of the Complaint except admit that Mrs. Denman was employed by Crestview Pharmacy.

9.      Defendants deny the allegations in ¶ 9 of the Complaint except admit that Mr. Densman was employed by Crestview Pharmacy and is married to Mrs. Densman.

10.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 10 of the Complaint.

11.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 11 of the Complaint, except that Defendants admit that Amanda Davey, Claudia Barnett, Kari Waites, Victoria Ballard (nee

3

Mullins), Morgan Meeks, Kyndall Barber, and Ellen Stafford were employed at Crestview Pharmacy.

AS TO JURISDICTION AND VENUE

12.     The allegations in ¶ 12 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the allegations in ¶ 12 of the Complaint.

13.     The allegations in ¶ 13 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the allegations in ¶ 13 of the Complaint.

14.     Admitted that Defendant Crestview City Pharmacy, d/b/a Hometown Pharmacy, has a physical location in Okaloosa County, Florida. Denied that Hometown Pharmacy conducted business prior to April 21, 2023. The remaining allegations in ¶ 14 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, however, Defendants deny the remaining allegations in ¶ 14 of the Complaint.

15.     Admitted that Mrs. Densman is a resident of Okaloosa County, Florida. The remaining allegations in ¶ 15 of the Complaint are comprised of conclusions of

law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, however, Defendants deny the remaining allegations in ¶ 15 of the Complaint.

16.    Admitted that Mr. Densman is a resident of Okaloosa County, Florida. The remaining allegations in ¶ 16 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, however, Defendants deny the remaining allegations in ¶ 16 of the Complaint.

17.    The allegations in ¶ 17 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants are without knowledge and therefore deny the allegations in ¶ 17 of the Complaint.

18.    The allegations in ¶ 18 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants are without knowledge and therefore deny the allegations in ¶ 18 of the Complaint.

19.    The allegations in ¶ 19 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the allegations in ¶ 19 of the Complaint.

<u>**AS TO BACKGROUND FACTS**</u>

20.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 20 of the Complaint.

21.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 21 of the Complaint.

22.     The allegations in ¶ 22 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 22 of the Complaint.

23.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 23 of the Complaint.

24.     The allegations in ¶ 24 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 24 of the Complaint.

25.     Admitted that the Densmans have become knowledgeable regarding, and developed individual relationships with, the medication needs and contact

information of prescribers and patients with whom they have worked over the years. Defendants deny the remaining allegations in ¶ 25 of the Complaint.

26.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 26 of the Complaint.

27.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 27 of the Complaint. The documents attached to the Complaint speak for themselves and are the best evidence of their contents.

28.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 28 of the Complaint, except admit a document referred to as a Non-Disclosure Agreement was proposed to Crestview Pharmacy employees in the fall of 2022 as a condition of continued employment.

29.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 29 of the Complaint.

### AS TO OPTIO RX'S ACQUISITION AND OPERATION OF CRESTVIEW PHARMACY

30.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 30 of the Complaint.

31.    Defendants deny the allegations in ¶ 31 of the Complaint, except that Defendants admit OptioRx acquired Crestview Pharmacy.

32.     Defendants deny the allegations in ¶ 32 of the Complaint, except that Defendants admit Crestview Pharmacy has served customers in Florida and other states.

33.     Defendants deny the allegations in ¶ 33 of the Complaint.

## AS TO THE INDIVIDUAL DEFENDANTS' RESPECTIVE EMPLOYMENT WITH OPTIO RX

34.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 34 of the Complaint.

35.     The allegations in ¶ 35 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 35 of the Complaint.

36.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 36 of the Complaint, except that Defendants respectfully refer the Court to the Employment Agreement for its true terms and conditions.

37.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 37 of the Complaint, except that Defendants respectfully refer the Court to the Employment Agreement for its true terms and conditions.

38.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 38 of the Complaint, except that Defendants respectfully refer the Court to the Employment Agreement for its true terms and conditions.

39.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 39 of the Complaint, except that Defendants respectfully refer the Court to the Employment Agreement for its true terms and conditions.

40.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 40 of the Complaint, except that Defendants respectfully refer the Court to the Employment Agreement for its true terms and conditions.

41.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 41 of the Complaint, except that Defendants respectfully refer the Court to the Employment Agreement for its true terms and conditions.

42.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 42 of the Complaint, except that Defendants respectfully refer the Court to the Employment Agreement for its true terms and conditions.

43.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 43 of the Complaint, except that Defendants respectfully refer the Court to the Employment Agreement for its true terms and conditions.

44.     The allegations in ¶ 44 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 44 of the Complaint.

45.     Defendants deny the allegations in ¶ 45 of the Complaint except admit Mrs. Densman was previously employed by Crestview Pharmacy and had served as its General Manager and Registered Pharmacist for portions of that employment.

46.     Defendants admit the allegations in ¶ 46 of the Complaint, except deny knowledge or information as to whether prescribing physicians and customers relied on Crestview Pharmacy itself, or the individual pharmacists, technicians, and other individuals with whom they worked.

47.     Defendants deny the allegations in ¶ 47 of the Complaint.

48.     Defendants admit that Mrs. Densman is married to Neil Densman, but deny the remaining allegations in ¶ 48 of the Complaint.

49.     Defendants deny the allegations in ¶ 49 of the Complaint, except admit that Mr. Densman's duties in the position of Lead Pharmacy Technician included maintaining the compounding room and related equipment and training other pharmacy technicians.

50.     Defendants admit that Mr. Densman had access to some patient health information, but deny that he had full access to all of the described information, and without knowledge as to what exactly ¶ 50 means by "confidential."

51.     Defendants admit that Mr. Densman is married to Mrs. Densman, but deny that he is the son of Hal Densman.

52.     Defendants deny the allegations in ¶ 52 of the Complaint.

53.     Defendants deny the allegations in ¶ 53 of the Complaint, except that Defendants admit Mrs. Densman filed articles of incorporation with the Florida Secretary of State to form Crestview City Pharmacy, Inc., in or around October of 2022, and that Mrs. Densman is listed as a registered agent.

54.     Defendants deny the allegations in ¶ 54 of the Complaint, except that Defendants admit that documents referred to as nondisclosure agreements ("NDAs") were presented to the Densmans.

55.     Defendants deny the allegations in ¶ 55 of the Complaint, except that Defendants admit that Densmans were asked to sign documents referred to as NDAs as a condition of employment.

56.     Defendants deny the allegations in ¶ 56 of the Complaint, except that Defendants admit that a Florida license to operate Crestview City Pharmacy was obtained and Emily Blackmon was listed as the pharmacy manager on the license application.

57.     Defendants deny the allegations in ¶ 57 of the Complaint.

58.     Defendants deny the allegations in ¶ 58 of the Complaint, except that Defendants admit that Mrs. Densman forwarded certain emails to her personal email account.

59.     Defendants deny the allegations in ¶ 59 of the Complaint.

60.     Defendants deny the allegations in ¶ 60 of the Complaint.

61.     Defendants deny the allegations in ¶ 61 of the Complaint.

62.     Defendants deny the allegations in ¶ 62 of the Complaint.

63.     Defendants deny the allegations in ¶ 63 of the Complaint.

64.     Defendants deny the allegations in ¶ 64 of the Complaint.

65.     Defendants deny the allegations in ¶ 65 of the Complaint, except that Defendants admit letters were transmitted to the Densmans, and Defendants respectfully refer the Court to the referenced documents for their true terms and conditions.

66.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Bryan Henderson's response or actions, and deny the remaining allegations in ¶ 66 of the Complaint.

67.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 67 of the Complaint.

68.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 68 of the Complaint.

69.     Defendants deny the allegations in ¶ 69 of the Complaint, except that Defendants admit that Crestview City Pharmacy is now in operation as Hometown Pharmacy.

70.     Defendants deny the allegations in ¶ 70 of the Complaint.

71.     Defendants deny the allegations in ¶ 71 of the Complaint.

72.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 72 of the Complaint.

73.     Defendants deny the allegations in ¶ 73 of the Complaint.

## COUNT I

74.     Defendants repeat and reallege each and every response, answer and allegation set forth in all of the preceding paragraphs, inclusive as if fully set forth herein.

75.     Defendants deny the allegations in ¶ 75 of the Complaint.

76.     Defendants deny the allegations in ¶ 76 of the Complaint.

77.     The allegations in ¶ 77 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the allegations in ¶ 77 of the Complaint.

78.     The allegations in ¶ 78 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the allegations in ¶ 78 of the Complaint.

79.     The allegations in ¶ 79 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the allegations in ¶ 79 of the Complaint and deny that Plaintiffs are entitled to the relief requested or any relief.

## **COUNT II**

80.     Defendants repeat and reallege each and every response, answer and allegation set forth in all of the preceding paragraphs, inclusive as if fully set forth herein.

81.     Defendants deny the allegations in ¶ 81 of the Complaint.

82.     The allegations in ¶ 82 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the allegations in ¶ 82 of the Complaint.

83.     The allegations in ¶ 83 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the allegations in ¶ 83 of the Complaint.

84.     The allegations in ¶ 84 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the allegations in ¶ 84 of the Complaint.

85.     The allegations in ¶ 85 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the allegations in ¶ 85 of the Complaint and deny that Plaintiffs are entitled to the relief requested or any relief.

## COUNT III

86.     Defendants repeat and reallege each and every response, answer and allegation set forth in all of the preceding paragraphs, inclusive as if fully set forth herein.

87.     The allegations in ¶ 87 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the allegations in ¶ 87 of the Complaint.

88.     Defendants deny the allegations in ¶ 88 of the Complaint.

89.     Defendants deny the allegations in ¶ 89 of the Complaint.

90.     Defendants deny the allegations in ¶ 90 of the Complaint.

91.     The allegations in ¶ 91 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the allegations in ¶ 91 of the Complaint.

92.     The allegations in ¶ 92 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the allegations in ¶ 92 of the Complaint.

93.    The allegations in ¶ 93 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the allegations in ¶ 93 of the Complaint and deny that Plaintiffs are entitled to the relief requested or any relief.

## COUNT IV

94.    Defendants repeat and reallege each and every response, answer and allegation set forth in all of the preceding paragraphs, inclusive as if fully set forth herein.

95.    The allegations in ¶ 95 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the allegations in ¶ 95 of the Complaint.

96.    Defendants deny the allegations in ¶ 96 of the Complaint.

97.    Defendants deny the allegations in ¶ 97 of the Complaint.

98.    Defendants deny the allegations in ¶ 98 of the Complaint.

99.    Defendants deny the allegations in ¶ 99 of the Complaint.

100.    The allegations in ¶ 100 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the

allegations in ¶ 100 of the Complaint and deny that Plaintiffs are entitled to the relief requested or any relief.

## COUNT V

101.   Defendants repeat and reallege each and every response, answer and allegation set forth in all of the preceding paragraphs, inclusive as if fully set forth herein.

102.   Count V is alleged against a separate defendant. To the extent a response is required, Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 102 of the Complaint.

103.   Count V is alleged against a separate defendant. To the extent a response is required, Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 103 of the Complaint.

104.   Count V is alleged against a separate defendant. To the extent a response is required, Defendants deny the allegations in ¶ 104 of the Complaint.

105.   Count V is alleged against a separate defendant. To the extent a response is required, Defendants deny the allegations in ¶ 105 of the Complaint.

106.   Count V is alleged against a separate defendant. To the extent a response is required, Defendants deny the allegations in ¶ 106 of the Complaint and deny that Plaintiffs are entitled to the relief requested or any relief.

## COUNT VI

107.   Defendants repeat and reallege each and every response, answer and allegation set forth in all of the preceding paragraphs, inclusive as if fully set forth herein.

108.   Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations in ¶ 108 of the Complaint.

109.   Defendants deny the allegations in ¶ 109 of the Complaint.

110.   Defendants deny the allegations in ¶ 110 of the Complaint.

111.   Defendants deny the allegations in ¶ 111 of the Complaint.

112.   Defendants deny the allegations in ¶ 112 of the Complaint.

113.   The allegations in ¶ 113 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the allegations in ¶ 113 of the Complaint and deny that Plaintiffs are entitled to the relief requested or any relief.

## COUNT VII

114.   Defendants repeat and reallege each and every response, answer and allegation set forth in all of the preceding paragraphs, inclusive as if fully set forth herein.

115.   The allegations in ¶ 115 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the allegations in ¶ 115 of the Complaint.

116.   Defendants deny the allegations in ¶ 116 of the Complaint.

117.   The allegations in ¶ 117 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the allegations in ¶ 117 of the Complaint and deny that Plaintiffs are entitled to the relief requested or any relief.

## COUNT VIII

118.   Defendants repeat and reallege each and every response, answer and allegation set forth in all of the preceding paragraphs, inclusive as if fully set forth herein.

119.   Defendants deny the allegations in ¶ 119 of the Complaint.

120.   Defendants deny the allegations in ¶ 120 of the Complaint.

121.   Defendants deny the allegations in ¶ 121 of the Complaint.

122.   The allegations in ¶ 122 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the

allegations in ¶ 122 of the Complaint and deny that Plaintiffs are entitled to the relief requested or any relief.

123.   The allegations in ¶ 123 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the allegations in ¶ 123 of the Complaint and deny that Plaintiffs are entitled to the relief requested or any relief.

## COUNT IX

124.   Defendants repeat and reallege each and every response, answer and allegation set forth in all of the preceding paragraphs, inclusive as if fully set forth herein.

125.   Defendants deny the allegations in ¶ 125 of the Complaint.

126.   Defendants deny the allegations in ¶ 126 of the Complaint.

127.   Defendants deny the allegations in ¶ 127 of the Complaint.

128.   Defendants deny the allegations in ¶ 128 of the Complaint.

129.   Defendants deny the allegations in ¶ 129 of the Complaint.

130.   Defendants deny the allegations in ¶ 130 of the Complaint.

131.   Defendants deny the allegations in ¶ 131 of the Complaint.

132.   The allegations in ¶ 132 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court

for adjudication. To the extent that a response is required, Defendants deny the allegations in ¶ 132 of the Complaint and deny that Plaintiffs are entitled to the relief requested or any relief.

133.   The allegations in ¶ 133 of the Complaint are comprised of conclusions of law, as to which no response is required and which Defendants refer to the Court for adjudication. To the extent that a response is required, Defendants deny the allegations in ¶ 133 of the Complaint and deny that Plaintiffs are entitled to the relief requested or any relief.

**WHEREFORE CLAUSES**

Defendants repeat and reallege each and every response, answer and allegation set forth in all of the preceding paragraphs, inclusive as if fully set forth herein, and deny that Plaintiffs are entitled to the relief requested or any relief, as against Defendants.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint has failed to state a cause of action for which relief can be granted, including the failure to allege sufficient ultimate facts to establish proximate cause between Defendants' alleged improper solicitation and the resignations and terminations of other employees.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs did not have existing or prospective legal or contractual rights, with prescribing providers or with patients or other customers, that would qualify for protection from interference.

**THIRD AFFIRMATIVE DEFENSE**

Defendants' actions regarding any qualifying business relationships that Plaintiffs may have had are protected by Florida's protection and fair competition privileges, in that Defendants were acting to protect their ongoing financial and business interests without using any means that were improper as a matter of law.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs waived or are estopped from basing any claims on the voluntary departure of their employees, because those employees were "at-will" and Plaintiffs had informed those employees they would be terminated if they refused to sign the "NDA" required by Plaintiffs.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because once Mrs. Densman provided notice of resignation from employment with Crestview Pharmacy, she was not bound by any duty of loyalty; or if she was, such duty ended when she stayed past her intended separation date at the request of Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or diminished by virtue of Plaintiffs' own unclean hands and culpable conduct. Plaintiffs themselves drove away their employees and customers and now are attempting to damage Defendants' reputations, prohibit competition and freedom of business and trade, and intimidate current and former employees, by permitting, encouraging, or directly participating in defamation of Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state claims under the Lanham Act or Florida common law because they have failed to allege sufficient ultimate facts to show that they had enforceable rights in the name 'Crestview Pharmacy.'

## EIGHTH AFFIRMATIVE DEFENSE

The trade name 'Crestview Pharmacy' is, at best, merely descriptive, as it consists of a geographic designation and a services designation, and so does not qualify for trademark protection under either the Lanham Act or Florida common law.

## NINTH AFFIRMATIVE DEFENSE

Defendants never used the name Crestview City Pharmacy in commerce or in interstate commerce, and therefore Plaintiffs' Lanham Act and Florida trademark claims are barred.

<u>**TENTH AFFIRMATIVE DEFENSE**</u>

Plaintiffs' claims are barred or diminished by virtue of Plaintiffs' failing to mitigate their alleged damages. Specifically, Plaintiffs knew that Mrs. Densman was leaving and that they had told their employees they would be terminated due to their refusal to sign the "NDA" required by Plaintiffs, but neither made offers to incentivize employees to stay that were not conditioned on signing the NDA, nor hired sufficient new staff to ensure the duties of Mrs. Densman and other employees were covered.

<u>**ELEVENTH AFFIRMATIVE DEFENSE**</u>

Plaintiffs fail to state sufficient ultimate facts to support their claims of trade secret misappropriation. They have failed to allege what resources were expended to develop or obtain the purported trade secrets. They have also failed to allege what measures they took to maintain the secrecy of the purported trade secrets. They also requested and permitted the Densmans to remain employed following their refusal to sign the "NDA" required by Plaintiffs, and never had them sign any covenant not to compete or any other non-disclosure or confidentiality agreements.

<u>**TWELFTH AFFIRMATIVE DEFENSE**</u>

Florida law permits Defendants to use the knowledge and contacts they developed during their employment with Crestview Pharmacy following their

separation, even in a competing business, since they had never agreed to restrictive covenants.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because all actions taken by each of the Defendants was fair and reasonable, and was performed in good faith based on all relevant facts known to the relevant Defendant at the time.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for tortious interference with Bryan Henderson's contractual obligations fails because Florida law does not recognize such a cause of action even if Defendants asked Henderson to do something they knew would breach his agreements with Plaintiffs, unless they used unlawful methods to induce him to do so.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because balancing the equities does not lean in Plaintiffs' favor.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any damages Plaintiffs have suffered were not proximately caused by Defendants, but rather Plaintiffs' own acts and omissions, or the intervening acts or omissions of other persons or entities, thus barring recovery.

### SEVENTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained damages, these damages were proximately and/or legally caused by the negligence of persons or entities outside of Defendants' control.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery because any damages are speculative.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendants have duly performed, satisfied, and discharged any duties owed Plaintiffs.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because of the doctrines of consent and ratification.

### RESERVATION OF RIGHTS

Defendants reserve the right to amend this Answer to the Complaint and to assert additional defenses and/or supplement, alter, or change their Answer to the Complaint and affirmative defenses upon the completion of appropriate investigation and discovery.

## COUNTERCLAIMS AGAINST OPTIO RX, LLC & CRESTVIEW PHARMACY, LLC

Defendants/Counter-Plaintiffs Defendants Jennifer Mrs. Densman Densman ("Mrs. Densman"), Christopher Neil Densman ("Mr. Densman"), and Crestview City Pharmacy, Inc. d/b/a Hometown Pharmacy ("Hometown Pharmacy", and together with Mrs. Densman and Mr. Densman, "Defendants" or "Counter-Plaintiffs") allege as follows:

## PARTIES, JURISDICTION, AND VENUE

1.  Counter-Defendant Optio Rx, LLC is a limited liability company organized and existing under the laws of the state of Delaware.

2.  Counter-Defendant Crestview Pharmacy, LLC is a limited liability company organized and existing under the laws of the state of Florida.

3.  Counter-Plaintiff Crestview City Pharmacy d/b/a Hometown Pharmacy is a corporation organized and existing under the laws of the state of Florida.

4.  Counter-Plaintiff Jennifer Reshay Densman ("Mrs. Densman") is an individual who resides in the state of Florida.

5.  Counter-Plaintiff Christopher Neil Densman (Mr. Densman) is an individual who resides in the state of Florida and is married to Mrs. Densman.

6.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this

District. Counter-Defendants conduct business in this District, and engaged in tortious conduct within this District.

7.   Optio is subject to the personal jurisdiction of this Court under Fla. Stat. § 48.193(1)(a)(2), as it has committed tortious acts within the state, and it has submitted itself to the jurisdiction of this Court by filing its Complaint in the initial action.

8.   Crestview Pharmacy is subject to the personal jurisdiction of this Court under Fla. Stat. § 48.193(1)(a)(2), as its principal place of business is located in this state and it has committed tortious acts within the state, and it has submitted itself to the jurisdiction of this Court by filing its Complaint in the initial action.

9.   This Court has supplemental jurisdiction over the state law counterclaims pursuant to 28 U.S.C. § 1367 because those claims are related to Counter-Defendants' federal claims and form part of the same case and controversy, transaction or occurrence.

## FACTS COMMON TO ALL CAUSES OF ACTION

10.   Hometown Pharmacy was formed on October 17, 2022, as Crestview Pharmacy, Inc., and on April 24, 2023, Hometown Pharmacy was registered with the Florida Department of State as a fictitious name for the entity.

11.    Counter-Defendant Optio is the parent company of, and largely controls, Counter-Defendant Crestview Pharmacy as an entity, including directing and instructing Crestview Pharmacy to take or refrain from taking various actions.

12.    Employees of Counter-Defendant Optio are actual or apparent agents of Crestview Pharmacy, and vice versa.

13.    Counter-Defendants terminated the employment of both Mrs. and Mr. Densman on April 20, 2023.

14.    Hometown Pharmacy began operating on April 24, 2022, by accepting and filling prescriptions for medications.

15.    In retaliation for forming Hometown Pharmacy, Counter-Defendants engaged in a course of defamatory conduct to undermine the Counter-Plaintiffs' business and their professional reputations.

16.    Upon information and belief, beginning at least as early as May 9, 2023, current Crestview Pharmacy employees have told customers that Counter-Plaintiffs were stealing drugs, "walked out," and wrecked or sabotaged equipment before they left Crestview Pharmacy.

17.    Upon information and belief, beginning at least as early as May 8, 2023, current Crestview Pharmacy employees have told customers that Mrs. Densman had been running the pharmacy into the ground intentionally and that Counter-Defendants had had to recruit staff from Chicago to "save" them, and are also telling

providers that Crestview Pharmacy suffered from staffing issues because of Mrs. Densman's mismanagement.

18.     Beginning on or around May 6, 2023, in a series of messages and posts in a Facebook group called "Crestview Word of Mouth", individuals who, on information and belief, are employed by or affiliated with Counter-Defendants, (1) falsely stated that a walkout occurred on April 20, 2023, due to a difference of opinion in how Crestview Pharmacy should be run, (2) falsely stated that Hometown Pharmacy "is being investigated before their official opening", and (3) repeatedly shared a "law.com" article regarding the litigation which, upon information and belief, was prepared by Counter-Defendants' counsel in order to cast the Counter-Defendants' actions in a light favorable to their lawsuit and business.

19.     These defamatory messages were posted in response to favorable comments about Hometown Pharmacy from members of the Facebook group, in a clear attempt to disparage Hometown Pharmacy and discourage members of the public from using it.

20.     Customers have informed Counter-Plaintiffs that when they contacted Crestview Pharmacy to seek the Densmans' and Hometown Pharmacy's contact information after the Densmans were terminated on April 20, 2023 employees of Crestview Pharmacy made statements that Hometown Pharmacy is operating

"illegally" and is "under investigation" by the United States Drug Enforcement Agency and other agencies of the federal government.

21.     Hometown Pharmacy is not, to the best of Counter-Plaintiffs' information and belief, under investigation by any governmental, administrative, or regulatory agency.

22.     Counter-Plaintiffs have retained the services of the undersigned attorneys and are obligated to pay all reasonable attorneys' fees, costs, and expenses incurred in connection with this action.

## COUNTERCLAIM COUNT I - TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS
(against Counter-Defendants Optio Rx and Crestview Pharmacy)

23.     Counter-Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs of the counterclaims as if the same were fully set forth at length herein.

24.     After beginning operation on April 24, 2023 doctors, other prescribing providers, and patients have contacted Hometown Pharmacy to fulfill their (or their patients') prescription needs.

25.     Counter-Defendants were aware that providers and patients were contacting Hometown Pharmacy and that it fills prescriptions.

26.     Counter-Defendants have intentionally and without justification interfered with these business relationships by permitting or encouraging Crestview

Pharmacy staff to falsely tell customers that Mrs. Densman had intentionally damaged Crestview Pharmacy's business, that Crestview Pharmacy's staffing issues were the fault of the Densmans, and that Crestview Pharmacy was required to terminate the Densmans because they were neglecting patient care.

27.     Counter-Defendants have intentionally and without justification interfered with Counter-Plaintiffs' business relationships by permitting or encouraging current Crestview Pharmacy staff to send messages and make posts in a Facebook group called "Crestview Word of Mouth", falsely stating that a walkout occurred on April 20, 2023, due to a difference of opinion in how Crestview Pharmacy should be run, that Hometown Pharmacy "is being investigated before their official opening", and repeatedly sharing a "law.com" article which, upon information and belief, was prepared by Counter-Defendants' counsel in order to cast the Counter-Defendants' actions in a light favorable to Counter-Defendants' lawsuit and their business, in response to favorable comments about Hometown Pharmacy that were made by members of the Facebook group, in a clear attempt to interfere with Hometown Pharmacy's business relationships and discourage members of the public from doing business with it.

28.     Counter-Defendants have intentionally and without justification interfered with Counter-Plaintiffs' business relationships by permitting or encouraging current Crestview Pharmacy staff to make false statements that

33

Hometown Pharmacy is operating "illegally" and/or is under investigation by the United States Drug Enforcement Agency and other agencies of the federal government when Hometown Pharmacy's customers contacted Crestview Pharmacy to seek Counter-Plaintiffs' contact information.

29.     On May 9, 2023, Counter-Plaintiffs' counsel sent a letter demanding that Counter-Defendants immediately retract and correct the foregoing false and defamatory statements, and post corrective messaging as follows:

a.  The statements regarding Hometown Pharmacy that were made in Facebook posts were not accurate;

b.  Counter-Plaintiffs and Counter-Defendants have no affiliation or connection, and are independent businesses;

c.  There is a pending <u>civil</u> dispute between Counter-Plaintiffs and Counter- Defendants;

d.  Contrary to any prior posts, comments or statements by Counter-Defendants or their employees or agents, there are no known criminal or regulatory investigations pending as against Counter-Plaintiffs;

e.  Counter-Defendants have no knowledge of Hometown Pharmacy operating illegally; and

f.  The dispute between Counter-Plaintiffs and Counter-Defendants is being resolved through civil litigation in federal court in Florida, which

is a proceeding that is open to the public via the court's website (PACER.gov).

30.     To date, no corrective messaging has been posted.

31.     As a direct and proximate result of Counter-Defendants' intentional and unjustified interference with Counter-Plaintiffs' current and prospective business relationships, Counter-Plaintiffs have suffered substantial damages, including lost business and loss of customer goodwill.

## COUNTERCLAIM COUNT II – DEFAMATION
(against Counter-Defendants Optio Rx and Crestview Pharmacy)

32.     Counter-Plaintiffs repeat and reallege each and every allegation set forth in the preceding paragraphs of the counterclaims as if the same were fully set forth at length herein.

33.     Counter-Defendants have caused, or allowed and condoned, or ratified, the false and defamatory statements described above.

34.     These statements have been made and published with Counter-Defendants' knowledge of their falsity, or reckless disregard as to their falsity, or have been made negligently with regard to their falsity, and have not been corrected or withdrawn.

35.     These statements are defamatory *per se* because they maliciously impugn Counter-Plaintiffs' business reputations and practices in their profession.

36.     Counter-Defendants' statements were malicious and done to eliminate Counter-Plaintiffs' lawful competition with Counter-Defendants.

37.     These false and defamatory statements have harmed Counter-Plaintiffs' reputation, lowering their estimation in the community, and injuring their business and reputation.

38.     Counter-Defendants' actions are continuing and have caused and continue to cause damage to Counter-Plaintiffs, including lost sales, loss of goodwill, lost opportunities, and damage to the Densmans' professional reputations.

**WHEREFORE**, Defendants Jennifer Reshay Densman, Christopher Neil Densman, and Crestview City Pharmacy, Inc. d/b/a Hometown Pharmacy demand judgment as follows:

1.  On the First Counterclaim, compensatory damages including lost profits, punitive damages, prejudgment interests, and costs;

2.  On the Second Counterclaim, compensatory damages including lost profits, punitive damages, prejudgment interests and costs; together with

3.  Such other further relief as the Court deems just and proper.

Dated: May 24, 2023.          Respectfully submitted,

BERGER SINGERMAN LLP

36

*Attorneys for Defendants/Counter-plaintiffs*
*Crestview City Pharmacy, Inc. and the Densmans*
313 North Monroe Street, Suite 301
Tallahassee, Florida 32301
Telephone: 850-561-3010
Facsimile:  850-561-3013

By: */s/  Ruth Vafek_____*
        Ruth Vafek
        Florida Bar No. 34220
        rvafek@bergersingerman.com
        zmorton@bergersingerman.com
        drt@bergersingerman.com
        drt@ecf.inforuptcy.com
        Jordi Guso
        Florida Bar No. 868580
        jguso@bergersingerman.com
        fsellers@bergersingerman.com
        drt@bergersingerman.com

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's Transmission Facilities on all persons appearing before this Court.

*/s/  Ruth Vafek_____*
Ruth Vafek

37