UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

OPTIO RX, LLC & CRESTVIEW
PHARMACY, LLC,

     Plaintiffs,

v.                                                                    Case No. 3:23-cv-08993-MCR-HTC

CRESTVIEW CITY PHARMACY, INC.,
JENNIFER RESHAY DENSMAN,
CHRISTOPHER NEIL DENSMAN
& BRYAN HENDERSON,

     Defendants,

AMANDA DAVEY, CLAUDIA
BARNETT, KARI WAITES,
VICTORIA BALLARD, MORGAN
MEEKS, KYNDALL BARBER &
ELLEN STAFFORD,

     Nominal Defendants.

_____/

## NOMINAL DEFENDANT CLAUDIA BARNETT'S MOTION TO DISMISS

Pursuant to Rule 12 (b) (6), "nominal defendant" Claudia Barnett moves to dismiss this action for failure to state a claim upon which relief can be granted as to her.  In support of this motion, Ms. Barnett states the following:

1.     The plaintiffs filed a multi-count complaint in this action on April 28, 2023.  Ms. Barnett was named as a "nominal defendant" in the complaint.

2. Despite being named as a "nominal defendant," the plaintiffs do not appear to request any relief against Ms. Barnett anywhere in the complaint.

3. There are no specific factual allegations giving rise to a claim against Ms. Barnett. In fact, the _two_ allegations in which Ms. Barnett was mentioned appear to recognize that the plaintiffs did not have a meritorious claim against her at the time the complaint was filed. See Complaint ¶ 18 & 62. Naturally, it follows that the plaintiffs did not plead the elements of any cause of action related to Ms. Barnett.

4. Further, there does not appear to be any allegation that Ms. Barnett possesses any property of the plaintiffs, such as customer lists, lists of prescribing physicians, or any other allegedly proprietary information of the plaintiffs over which Ms. Barnett has no claim of entitlement.

5. For the foregoing reasons, dismissal of Ms. Barnett as a party is appropriate.

## MEMORANDUM OF LAW

Ms. Barnett is neither a proper "nominal defendant" or a necessary or indispensable party defendant in this case. Further, the complaint fails to state a cause of action upon which relief may be granted as to Ms. Barnett because there are not sufficient allegations of fact on the face of the complaint to state a claim for relief against Ms. Barnett, and because none of the elements of any cause of action were plead in a claim against Ms. Barnett.

A nominal defendant "is a person who can be joined to aid the recovery of relief without an additional assertion of subject matter jurisdiction only because he has no ownership interest in the property which is the subject of litigation." Janvey v. Adams, 588 F.3d 831, 834 (5th Cir. 2009) (quoting CTFC v. Kimberlynn Creek Ranch, Inc., 276 F.3d 187, 191-192 (4th Cir. 2002). Plaintiffs bear the burden of proving that a party is properly joined as a nominal defendant. SEC v. Colello, 139 F.3d 674, 677 (9th Cir. 1998).

The complaint filed in this case does not allege that Ms. Barnett has any property of the plaintiffs. There is literally no supportable reason put forth for naming Ms. Barnett as a "nominal defendant" in this case; the best effort made by the plaintiffs was in paragraph 18, but even there, the plaintiffs did not allege a recognized basis for naming Ms. Barnett as a "nominal defendant."

Secondarily, a complaint fails to state a claim when a plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Twombly, 550 U.S. at 570.  Thus, while claims are made against other named individual defendants (the pharmacists and principals in the new, competing pharmacy), the plaintiffs have not alleged that Ms. Barnett harmed them in any way or that Ms. Barnett is responsible for any of the injuries the plaintiffs claim to have suffered.  Moreover, Ms. Barnett is not included in any prayer for relief.  Under these circumstances, Rule 12 (b) (6) requires dismissal as to Ms. Barnett.

## Conclusion

For the foregoing reasons, Ms. Barnett is not properly a "nominal defendant" under any recognized theory involving nominal defendants, and the complaint should be dismissed as to her.  In addition, the complaint fails on its face to state a claim upon which relief may be granted as to Ms. Barnett, and should be dismissed under Rule 12 (b) (6) as to her.

Dated:        May 30, 2023

/s/ Jonathan T. Holloway
Jonathan T. Holloway
Florida Bar Number 627763
Jonathan Holloway, P.A.
420 East Pine Avenue
Crestview, Florida 32539
Telephone:  (850) 398-6808
Email:        jholloway@okaloosalaw.com

*Attorney for Claudia Barnett*

4

## <u>CERTIFICATE REGARDING LOCAL RULE 7.1 (F)</u>

The undersigned certifies that the memorandum included herein consists of 520 words as calculated pursuant to Local Rule 7.1 (F).

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to Federal Rule of Civil Procedure 5(b)(3) and N.D. Florida Local Rule 5.1, this document is being filed electronically and service shall be through the Court's Transmission Facilities on all persons appearing before this court.

/s/ Jonathan T. Holloway
Jonathan T. Holloway