## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

OPTIO RX, LLC & CRESTVIEW
PHARMACY, LLC,

        **Plaintiff,**              **CIVIL ACTION NO.**
                                     **3:23-cv-08993-MCR-HTC**

    **vs.**

CRESTVIEW CITY PHARMACY,
INC., JENNIFER RESHAY
DENSMAN, CHRISTOPHER NEIL
DENSMAN & BRYAN
HENDERSON,

        **Defendants,**

AMANDA DAVEY, CLAUDIA
BARNETT, KARI WAITES,
VICTORIA BALLARD, MORGAN
MEEKS, KYNDALL BARBER &
ELLEN STAFFORD,

        **Nominal Defendants,**

_____

### ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
### OF DEFENDANT BRYAN HENDERSON

COMES NOW, Defendant, BRYAN HENDERSON (hereinafter referred to

as "Defendant Henderson"), named as a Defendant in the above-styled action, by

and through his undersigned counsel, and hereby files his Answer and Counterclaims

to Plaintiff's Complaint and states as follows:

## NATURE OF THE CASE

1.     Admitted that Plaintiff Crestview Pharmacy, LLC, is in the business of specialized compounding.  Admit that its predecessors in interest prior to Plaintiff Crestview Pharmacy, LLC's formation in 2018 and admit that Defendant Bryan Henderson personally had preexisting longstanding relationships with prescribing physicians and customers who voluntarily chose to use Crestview Pharmacy, LLC to dispense their prescriptions.  Defendant Bryan Henderson is without knowledge sufficient to form an opinion as to the remaining allegations, which are therefore denied.

2.     Denied.

3.     Denied.

4.     Denied.

## PARTIES

5.     Defendant Henderson is without knowledge sufficient to form an opinion and therefore denies the allegations of Paragraph 5.

6.     Defendant Henderson admits that he was previously employed by Crestview Pharmacy, LLC from 2018 until it terminated his employment on May 5, 2023.  Defendant is without knowledge sufficient to form an opinion as to the remaining allegations, which are therefore denied.

7.     Defendant is without knowledge, and therefore denies the allegations of Paragraph 7.

8.     Defendant is without knowledge, therefore Denied.

9.     Defendant is without knowledge, therefore Denied.

10.     Defendant Henderson denies the allegations of Paragraph 10 of the Complaint except to admit that he was an employee of Crestview Pharmacy, LLC and resided in Pace, Florida.

11.     Defendant Henderson is without knowledge of the specific employment or contractor relationships of the named individuals, and therefore denies the allegations of Paragraph 11. Defendant Henderson admits that the Nominal Defendants worked on site at Crestview Pharmacy, LLC.

## JURISDICTION AND VENUE

12.     Paragraph 12 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendant Henderson denies the allegations of Paragraph 12.

13.     Paragraph 13 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendant Henderson denies the allegations of Paragraph 13.

14.     Defendant Henderson is without knowledge and therefore denies the allegations of Paragraph 14.

15.    Defendant Henderson is without knowledge and therefore denies the allegations of Paragraph 15.

16.    Defendant Henderson is without knowledge and therefore denies the allegations of Paragraph 16.

17.    Defendant Henderson admits that this Court has personal jurisdiction over him for this matter.  The remaining allegations of Paragraph 17 are denied.

18.    Defendant Henderson is without knowledge and therefore denies the allegations of Paragraph 18.

19.    Defendant Henderson admits that venue is proper in this District.  The remaining allegations of Paragraph 19 are denied.

## **BACKGROUND FACTS**

20.    Defendant is without knowledge, therefore Denied.

21.    Defendant is without knowledge, therefore Denied.

22.    Paragraph 22 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendant Henderson denies the allegations of Paragraph 22.

23.    Defendant is without knowledge, therefore Denied.

24.    Paragraph 24 calls for a legal conclusion to which no response is required.  To the extent a response is required, Defendant Henderson denies the allegations of Paragraph 24.

25.    Admitted that Defendant Henderson is knowledgeable regarding medical prescribers and customers regarding medication needs.  The remaining allegations of Paragraph 25 are denied.

26.    Defendant is without knowledge, therefore Denied.

27.    Defendant is without knowledge, therefore Denied.  The documents attached to the Complaint speak for themselves and are the best evidence of their contents.

28.    Defendant is without knowledge, therefore Denied, except to admit Defendant Henderson was aware the Non-Disclosure Agreement was requested of Crestview Pharmacy employees in the fall of 2022, as an alleged condition of continued employment.

29.    Defendant is without knowledge, therefore Denied.

**Optio Rx's Acquisition and Operation of Crestview Pharmacy**

30.    The allegations of Paragraph 30 are denied.  Crestview Pharmacy, LLC has been in operation in Crestview, Florida, since 2018.  Crestview Pharmacy, Inc. was its predecessor, and it was founded in 2001 by Defendant Henderson and Doug Livingston.

31.    Defendant Henderson admits that Crestview Pharmacy, LLC purchased Crestview Pharmacy, Inc. on December 6, 2018, pursuant to the Membership Purchase Agreement, which speaks for itself.  Upon information and belief,

Defendant Henderson is aware that the fictious name of Crestview Pharmacy was registered with the State of Florida in 2021.  The remaining allegations of Paragraph 31 are denied.

32.    Defendant Henderson admits that he has developed reputation and skill in compounding and specialty medications, which include relationships with prescribing physicians and customers throughout his decades long career.  The remaining allegations of Paragraph 32 are denied.

33.    Defendant is without knowledge, therefore Denied.

**The Individual Defendants' Respective Employment with Optio Rx**

**Bryan Henderson**

34.    Admitted that simultaneous with Crestview Pharmacy, LLC's acquisition of Crestview Pharmacy, Inc., Defendant Henderson was hired as a line Pharmacist reporting to a Manager.  The Employment Agreement speaks for itself. His responsibilities included consulting with prescribing physicians regarding the required dosage for prescriptions.  The remaining allegations of Paragraph 34 are denied.

35.    Admitted that Mr. Henderson regularly interacted with and was familiar with the prescribing physicians who regularly used his services to fill specialty compounding prescriptions and with the customers who relied on him to dispense their mediations.  The remaining allegations of Paragraph 35 are denied.

6

36.     Admitted that Defendant Henderson entered into the Employment Agreement in conjunction with the Membership Purchase Agreement and that the documents speak for themselves.   The remaining allegations of Paragraph 36 are denied.

37.     Admitted that the document speaks for itself.   The allegations of Paragraph 37 are otherwise denied.

38.     Admitted that the document speaks for itself.   The allegations of Paragraph 38 are otherwise denied.

39.     Admitted that the document speaks for itself.   The allegations of Paragraph 39 are otherwise denied.

40.     Admitted that the document speaks for itself.   The allegations of Paragraph 40 are otherwise denied.

41.     Admitted that the document speaks for itself.   The allegations of Paragraph 41 are otherwise denied.

42.     Admitted that the document speaks for itself.   The allegations of Paragraph 42 are otherwise denied.

43.     Admitted that the document speaks for itself.   The allegations of Paragraph 43 are otherwise denied.

44.     Defendant is without knowledge, therefore Denied.

**Reshay Densman**

45.     Admitted that Defendant Reshay Densman held the role of General Manager for Crestview Pharmacy, LLC, for certain periods of time.  The remaining allegations of Paragraph 45 are denied.

46.     Defendant Henderson admits that prescribing physicians and customers appeared to rely on specific individual pharmacists.  The remaining allegations of Paragraph 46 are denied.

47.     Defendant is without knowledge, therefore Denied.

48.     Defendant Henderson admits that during his employment, the Densman Defendants represented that they were married at some point during his employment, and he knows Hal Densman to be a former owner of Crestview Pharmacy, Inc. The remaining allegations of Paragraph 48 are denied.

**Neil Densman**

49.     Defendant Henderson admits that Defendant Neil Densman was Lead Pharmacy Technician with duties in the compounding room.  Defendant Henderson denies the remaining allegations of Paragraph 49.

50.     Defendant Henderson is without knowledge, therefore Denied.

51.     Defendant Henderson admits that the Densman Defendants represented that they were married at some point during his employment.  The remaining allegations of Paragraph 51 are denied.

**Defendants' Conspiracy to Establish a Competing Pharmacy**

52.     Denied.

53.     Denied.

54.     Defendant Henderson admits that the Non-Disclosure Agreement was presented.  The remaining allegations of Paragraph 54 are denied.

55.     Defendant Henderson admits that employees were told that signing the Non-Disclosure Agreement was a condition of continued employment.   The remaining allegations of Paragraph 55 are denied.

56.     Defendant Henderson is without knowledge and therefore denies the allegations of Paragraph 56.

57.     Denied.

58.     Defendant Henderson is without knowledge and therefore denies the allegations of Paragraph 58.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.

64.     Denied.

65.     Defendant Henderson is without knowledge and therefore denies except to admit his receipt of a Cease and Desist on April 20, 2023, which put him on administrative leave.

66.     Defendant Henderson is without knowledge and therefore denies the first sentence of Paragraph 66.  Defendant Henderson admits that the email he sent on April 24, 2023, speaks for itself, and accurately stated he continued to follow his employment agreement.  The remaining allegation of the second sentence is denied.

67.     Defendant Henderson admits that Plaintiffs and Andrew Charter wrongfully caused an unfounded police report to be filed and has failed to rescind its false allegations.  The remaining allegations of Paragraph 67 are denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

## COUNT I – FEDERAL UNFAIR COMPETITION
## IN VIOLATION OF § 1125(a) OF THE LANHAM ACT
(against Defendant Crestview City Pharmacy and the Individual Defendants)

74.     Defendant Henderson realleges and incorporates his Answers in Paragraphs 1 through 73 above.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

Defendant Henderson denies that Plaintiff is entitled to any of the relief sought in "WHEREFORE" Paragraph following Paragraphs 74 through 79 of the Complaint. Additionally, Defendant Henderson respectfully requests this Court enter judgment in his favor and award Defendant all costs, fees, and such other relief as this Court deems just and proper.

## COUNT II – FLORIDA COMMON LAW
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
(against Defendant Crestview City Pharmacy and the Individual Defendants)

80.     Defendant Henderson realleges and incorporates his Answers in Paragraphs 1 through 73 above.

81.     Denied.

82.     Denied.

83.     Denied.

84.     Denied.

85.     Denied.

Defendant Henderson denies that Plaintiff is entitled to any of the relief sought

in "WHEREFORE" Paragraph following Paragraphs 80 through 85 of the Complaint. Additionally, Defendant Henderson respectfully requests this Court enter judgment in his favor and award Defendant all costs, fees, and such other relief as this Court deems just and proper.

### COUNT III - MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF THE DEFEND TRADE SECRETS ACT
(against Defendant Crestview City Pharmacy and the Individual Defendants)

86.    Defendant Henderson realleges and incorporates his Answers in Paragraphs 1 through 73 above.

87.    Paragraph 87 asserts a legal conclusion, which does not require a response.  The law speaks for itself.  To the extent a response is required, Defendant Henderson denies the allegations of Paragraph 87.

88.    Denied.

89.    Denied.

90.    Denied.

91.    Denied.

92.    Denied.

93.    Denied.

Defendant Henderson denies that Plaintiff is entitled to any of the relief sought in "WHEREFORE" Paragraph following Paragraphs 86 through 93 of the Complaint. Additionally, Defendant Henderson respectfully requests this Court

enter judgment in his favor and award Defendant all costs, fees, and such other relief as this Court deems just and proper.

## COUNT IV – VIOLATIONS OF FLA. STAT. § 688.02
## FLORIDA UNIFORM TRADE SECRETS ACT
(against Defendant Crestview City Pharmacy and the Individual Defendants)

94.    Defendant Henderson realleges and incorporates his Answers in paragraphs 1 through 73 above.

95.    Paragraph 95 asserts a legal conclusion, which does not require a response.  The law speaks for itself.  To the extent a response is required, the allegations of Paragraph 95 are denied.

96.    Denied.

97.    Denied.

98.    Denied.

99.    Denied.

100.   Denied.

Defendant Henderson denies that Plaintiff is entitled to any of the relief sought in "WHEREFORE" Paragraph and Paragraphs 94 through 100 of the Complaint. Additionally, Defendant Henderson respectfully requests this Court enter judgment in his favor and award Defendant all costs, fees, and such other relief as this Court deems just and proper.

## COUNT V – BREACH OF CONTRACT
(against Defendant Bryan Henderson)

101.   Defendant Henderson realleges and incorporates his Answers in paragraphs 1 through 73 above.

102.   Denied.

103.   Denied.

104.   Denied.

105.   Denied.

106.   Denied.

Defendant Henderson denies that Plaintiff is entitled to any of the relief sought in "WHEREFORE" Paragraph following Paragraphs 101 through 106 of the Complaint. Additionally, Defendant Henderson respectfully requests this Court enter judgment in his favor and award Defendant all costs, fees, and such other relief as this Court deems just and proper if he is the prevailing party, as provided by the terms of his employment agreement and pursuant to section 542.355, Florida Statutes.

## COUNT VI – TORTIOUS INTERFERENCE WITH CONTRACT
(against Defendants Crestview City Pharmacy, Reshay Densman and Neil Densman)

Defendant Henderson is not named in Count VI and not required to answer. To the extent an answer is required, he denies the allegations of Paragraphs 107 through 113 and denies Plaintiffs have any entitlement to the relief prayed for in the

following Wherefore Paragraph.

## COUNT VII – BREACH OF DUTY OF LOYALTY
(against the Individual Defendants)

114.   Defendant Henderson realleges and incorporates his Answers in Paragraphs 1 through 73 above.

115.   Denied.

116.   Denied.

117.   Denied.

Defendant Henderson denies that Plaintiff is entitled to any of the relief sought in "WHEREFORE" Paragraph following Paragraphs 114 through 117 of the Complaint. Additionally, Defendant Henderson respectfully requests this Court enter judgment in his favor and award Defendant all costs, fees, and such other relief as this Court deems just and proper.

## COUNT VIII– UNFAIR COMPETITION
(against Defendant Crestview City Pharmacy and the Individual Defendants)

118.   Defendant Henderson realleges and incorporates his Answers in Paragraphs 1 through 73 above.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied.

Defendant Henderson denies that Plaintiff is entitled to any of the relief sought in "WHEREFORE" Paragraph following Paragraphs 118 through 123 of the Complaint. Additionally, Defendant Henderson respectfully requests this Court enter judgment in his favor and award Defendant all costs, fees, and such other relief as this Court deems just and proper.

## COUNT IX – CIVIL CONSPIRACY
(against Defendant Crestview City Pharmacy and the Individual Defendants)

124.   Defendant Henderson realleges and incorporates his Answers in paragraphs 1 through 73 above.

125.   Denied.

126.   Denied.

127.   Denied.

128.   Denied.

129.   Defendant is without knowledge, therefore Denied.

130.   Denied.

131.   Defendant is without knowledge, therefore Denied.

132.   Denied.

133.   Denied.

Defendant Henderson denies that Plaintiff is entitled to any of the relief sought in "WHEREFORE" Paragraph following Paragraphs 124 through 133 of

the Complaint. Additionally, Defendant Henderson respectfully requests this Court enter judgment in his favor and award Defendant all costs, fees, and such other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

Defendant, Bryan Henderson, asserts the following affirmative and/or additional defenses.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a cause of action or claim against the Defendant upon which relief may be granted, including failure to state sufficient facts showing Defendant Henderson was the proximate cause of the resignations and terminations of Plaintiffs' employees and the independent decisions of prescribing physicians and customers previously serviced to have their prescriptions dispensed elsewhere.

## SECOND AFFIRMATIVE DEFENSE

Any claim for damages is limited to those damages recoverable pursuant to applicable law.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs did not have existing or prospective legal or contractual rights with prescribing providers or with patients or other customers that would qualify for protection from interference.

17

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs waived or are estopped from basing any claims on the voluntary departure of their employees, because those employees were "at-will" and Plaintiffs had informed those employees that they would be terminated if they refused to sign the "NDA" required by Plaintiffs.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs waived or are estopped from basing any claims on the voluntary departure of their employees, because those employees were "at-will" and Plaintiffs had implied that they planned to outsource much of the compounding work to other pharmacies, which would necessarily have reduced the number of employees.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs waived or are estopped from basing any claims related to decreased revenue where they terminated Bryan Henderson's employment without cause, which otherwise caused Plaintiffs to lose revenue, the ability to be fully staffed, and the ability to successfully maintain relationships with prescribers and customers.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or diminished by virtue of Plaintiffs' own unclean hands and culpable conduct. Plaintiffs themselves drove away their employees and customers and now are attempting to damage Defendants' reputations, and intimidate current and former employees by permitting, encouraging, or directly

participating in defamation of Defendant Bryan Henderson and the Densman Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs fail to state claims under the Lanham Act or Florida common law because they have failed to allege sufficient ultimate facts to show that they had enforceable rights in the name 'Crestview Pharmacy.'

## NINTH AFFIRMATIVE DEFENSE

The trade name 'Crestview Pharmacy' is, at best, merely descriptive, as it consists of a geographic designation and a services designation, and so does not qualify for trademark protection under either the Lanham Act or Florida common law.

## TENTH AFFIRMATIVE DEFENSE

Defendant Henderson never used the name Crestview City Pharmacy in commerce or in interstate commerce, and therefore Plaintiffs' Lanham Act and Florida trademark claims are barred.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred or diminished by virtue of Plaintiffs' failing to mitigate their alleged damages. Specifically, Plaintiffs knew that Mrs. Densman was leaving and that they had told their employees they would be terminated due to their refusal to sign the "NDA" required by Plaintiffs, but neither made offers to

incentivize employees to stay that were not conditioned on signing the NDA, nor hired sufficient new staff to ensure the duties of Mrs. Densman and other employees were covered.  Plaintiffs further exacerbated their damages by terminating Bryan Henderson without any basis in fact and without investigation.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because all actions taken by Defendant Henderson were fair and reasonable, and performed in good faith based on all relevant facts known to the relevant Defendant Henderson at the time.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because balancing the equities does not lean in Plaintiffs' favor.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because any damages Plaintiffs have suffered were not proximately caused by Defendants, but rather Plaintiffs' own acts and omissions, or the intervening acts or omissions of other persons or entities, thus barring recovery.

## FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained damages, these damages were proximately and/or legally caused by the negligence of persons or entities outside of Defendant Henderson's control.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery because any damages are speculative.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendant Henderson has duly performed, satisfied, and discharged any duties owed to Plaintiffs.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant Henderson may not be held liable for refusing to interfere with, restrain, or coerce employees who were exercising their Section 7 rights under the National Labor Relations Act in conferring with counsel and each other in determining whether or not to sign the Non-Disclosure Agreement.

## NINETEENTH AFFIRMATIVE DEFENSE

The restrictive covenants contained within Bryan Henderson's Employment Agreement, as attached to the Complaint, have no geographic scope and are unenforceable on their face.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs were in material breach of the Membership Purchase Agreement by failing to make payments to Mr. Henderson as required. Their material breach renders the restrictive covenants unenforceable.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The restrictive covenant in Mr. Henderson's Employment Agreement, as attached to the Complaint, is presumptively unreasonable, as it exceeds both the statutory rebuttable presumptions for reasonableness in time for an employee and a seller under section 542.335, Florida Statutes, in consideration of the additional years added to the five-year term from closing in the Membership Purchase Agreement.

## RESERVATION OF RIGHTS

Defendants reserve the right to amend this Answer to the Complaint and to assert additional defenses and/or supplement, alter, or change their Answer to the Complaint and affirmative defenses upon the completion of appropriate investigation and discovery.

## COUNTERCLAIMS AGAINST OPTIO RX, LLC & CRESTVIEW PHARMACY, LLC

Defendant/Counter-Plaintiff Henderson alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Counter-Defendant Optio Rx, LLC is a limited liability company organized and existing under the laws of the state of Delaware.

2.      Counter-Defendant Crestview Pharmacy, LLC is a limited liability company organized and existing under the laws of the state of Florida.

3.      Counter-Plaintiff Bryan Henderson is an individual who resides in the state of Florida.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred within this District.

5.      Optio is subject to the personal jurisdiction of this Court under Fla. Stat. § 48.193(1)(a)(2), as it has committed tortious acts within the state, and it has submitted itself to the jurisdiction of this Court by filing its Complaint in the initial action.

6.      Crestview Pharmacy, LLC is subject to the personal jurisdiction of this Court under Fla. Stat. § 48.193(1)(a)(2), as its principal place of business is located in this state and it has committed tortious acts within the state, and it has submitted itself to the jurisdiction of this Court by filing its Complaint in the initial action.

7.      The Court has supplemental jurisdiction over the state law counterclaims pursuant to 29 U.S.C. § 1367 because those claims are related to Counter-Defendants' federal claims and form part of the same case and controversy, transaction, or occurrence.

## FACTS COMMON TO ALL CAUSES OF ACTION

8.     Counter- Plaintiff Bryan Henderson founded Crestview Pharmacy, Inc. in 2001 with a partner.  The pharmacy primarily provided specialized hormone compounding services.

9.     As the pharmacy serves a small town in a rural area, personal relationships are key to making the business work.

10.     In 2018, with his then partners, he sold Crestview Pharmacy, Inc. to Crestview Pharmacy, LLC.  A portion of the purchase price was paid at closing and $1,422,495.00 was secured through a Promissory Note.

11.     Equal monthly principal and interest payments were to be paid for the outstanding principal on the first day of each calendar month from January 1, 2020, to December 1, 2023.

12.     As a part of the Membership Purchase Agreement, continued employment of Counter-Plaintiff Henderson as a line Pharmacist for 30 hours per week at an hourly rate was a part of the consideration for the sale.

13.     The Membership Purchase Agreement contained Non-Compete and Non-Solicitation provisions for the Sellers.  In particular, the Membership Purchase Agreement contained non-compete and non-solicit provisions for a five (5) year period immediately following the Closing Date, December 6, 2018.

14.     Counter-Plaintiff's Employment Agreement refers to the Membership Interest Purchaser Agreement, dated December 6, 2018.  (Doc. 1-3 at 2.)

15.     The Employment Agreement has a twelve-month term that renews annually on December 13, 2018.

16.     The Employment Agreement contains a "Restrictive Period" of "five (5) year[s] following termination of Employee's employment with the Company . . . solely as it relates to Competitive Businesses  . . . or compounding pharmacies" or "in all other events  . . .  for a period of one (1) year following termination . . . ." (Doc. 1-3 at 5.)

17.     The Employment Agreement contains a term for Non-Disparagement, which provides in part, "[a]t all times during and following Employee's employment with Company, Company will not make any statement that is intended to or could reasonably be expected to disparage or reflect unfavorably on Employee or Employee's abilities or performance of duties for Company . . . ."  (Doc. 1-3 at 7 ¶ 10.)

18.     The Employment Agreement has provisions for Termination by the Company for Cause.  Termination for behavior or failure to perform duties do not constitute cause unless the Employee first receives written notice and is given ten (10) business days to cure.  (Doc. 1-3 at 8 ¶ 15(a).)

19.     Counter-Plaintiff Henderson began his work for Crestview Pharmacy, LLC and immediately noticed that the Chicago-based leadership of OptioRX did not appear interested in developing personal relationships with providers and customers for the small-town pharmacy.

20.     Counter-Defendants also did not take the time to transfer business authority and tasks to their management employees, leaving key areas of the business, such as banking authority with Counter-Plaintiff Henderson.

21.     In September of 2020, Optio agent, Sergio Zepeda, Managing Partner, asked Counter-Plaintiff Henderson to further subordinate his debt by promising "it is in your best interest" and stating, "Bottom line is we will have zero problems continuing to make seller note payments if you subordinate to the new lender."

22.     By mid-way through 2022, it was clear to all Crestview Pharmacy, LLC employees that the company and its parent, OptioRX, were not thriving financially, as it was unable to pay expected mid-year bonuses.

23.     In September of 2022, Counter-Plaintiff Henderson was informed that OptioRX was in violation of its covenants with its Senior Lender and Mezzanine Lender and would no longer be making payments owed to Counter-Plaintiff Henderson.

24.     On the heels of the Counter-Defendants' event of default with their senior and mezzanine lenders, they engaged in an effort to strongarm the closely knit

employees of the Crestview Pharmacy into signing Non-Disclosure Agreements that including non-solicitation provisions.

25.    In December of 2022, the CEO of OptioRX, LLC, Rinku Patel, told Counter-Plaintiff Henderson that the company could, in fact, resume payments if, among other tasks, he would "mentor[] all employees of the Crestview location, including himself, to complete all outstanding company issued legal compliance activities of all employees of the Crestview location, including but not limited to signing the NDA and Hazardous Disclosure Forms, or taking any and all required administrative actions for those that do not want to sign . . . ."  OptioRX promised to catch up on its payments to the effect of $146,384.76 followed by a balloon payment of $25,477.555 in June of 2023, after which Henderson's employment would be terminated.

26.    Counter-Plaintiff Henderson declined the offer.

27.    In the spring of 2023, after Reshay Densman gave notice and the employees were told their termination was soon to follow if they did not sign the onerous Non-Disclosure Agreement, morale in the Crestview Pharmacy was low.

28.    Additionally, Counter-Defendants were sending in pharmacists and technicians from out of state to take over tasks in the clinic, sometimes without any due diligence as to Florida's licensing requirements, which Counter-Plaintiff

Henderson would have to bring to the attention of Counter-Defendants through Andrew Charter.

29.    On Thursday, April 20, 2023, while Counter-Plaintiff Henderson was out of the office, he stopped to speak with the owner of Royal Pharmacy, who asked if Crestview Pharmacy had four 1 ml vials of testosterone and injection syringes in stock, as he did not have enough stock to fill a prescription.

30.    Transactions between pharmacies in rural areas are common when needed to dispense a prescription for which materials are not available and this was a common practice for the Crestview Pharmacy.

31.    Upon arrival at the Crestview Pharmacy, Counter-Plaintiff Henderson was blindsided by being put on administrative leave.

32.    As he was sure this was a misunderstanding that would soon be cleared up, he gathered his personal effects and the vials for use by the neighboring pharmacy and even asked Interim Pharmacy Manager Sharon Seymour to verify what he was removing from the pharmacy, which she did.  He expected that she or the other Pharmacy Manager, Reshay Densman, would create the usual audit trail for the transaction, as they were in the midst of doing inventory.

33.    Instead, the Counter-Defendants, specifically through their agent Andrew Charter, filed a police report to harass Counter-Plaintiff Henderson.

34.     Unbeknownst to him, Reshay Densman, Pharmacy Manager, had been terminated that same morning.   Typically, she would have documented the transaction between pharmacies.

35.     Shaken up by the experience of being put on administrative leave and accused of many acts he had no involvement in, Counter-Plaintiff Henderson was running later for his daughter's soccer game.

36.     On his way there, he was pulled over by a Santa Rosa deputy and his vehicle was surrounded by three to four additional deputies.  None of these deputies advised him of why they were looking for him and he proceeded to the soccer game.

37.     Counter-Plaintiff Henderson attempted to deliver the vials to the neighboring pharmacy on Monday, April 24, 2023, only to learn that there was no longer a need.

38.     As there was no need for the vials and Henderson was under direction not to return to Crestview Pharmacy, he arranged to return the vials and other property promptly to Crestview Pharmacy Pharmacist Emily Blackman.   She represented that she returned the vials to the pharmacy, informing two other pharmacists that the items had been returned.

39.     Despite informing Counter-Defendants that the vials had been returned, they terminated his employment on this basis on May 5, 2020.

40.    Counter-Defendants have taken no action to correct their false and harassing police report, originally made by Andrew Charter, on April 20, 2023.

41.    Since that time, Counter-Defendants' agents in Texas, Chicago, and California have defamed Counter-Plaintiff Henderson on several occasions, including, but not limited to:

   a.   Counter-Defendants' CEO, Rinku Patel, stated in a meeting in a California pharmacy on approximately June 7, 2023, that Henderson "left and opened a pharmacy."

   b.   Former customers and clinics with whom Henderson has worked were told by Counter-Defendants' agents, specifically Pharmacists that he "walked out."

   c.   Counter-Defendants falsely told a vendor that Henderson contacted some clinics in Texas and told them that he did not have a non-compete.

   d.   Counter-Defendants' agents with Braun Pharmacare in Chicago contacted a provider in Texas and falsely told them that he walked out on Crestview and stole all the customers.  Further, they stated that he had a Texas license, and that is why they could no longer service Texas customers from Crestview.  This is also false, as Henderson was not the Texas permit holder.

42.     Counter-Defendants were aware that these false statements were being said and did nothing to correct them.

43.     As a result of Plaintiff's termination, Plaintiff has incurred considerable financial and other losses including: (i) lost wages and loss of the ability to earn wages for the duration of the restrictive covenants to the extent they are enforced; (ii) damage to his reputation in the community, including potential loss of longstanding prescriber and customer relationships for the future and the stigma of being terminated for cause; and (iii) financial instability resulting from his wrongful termination and alleged inability to work nationwide in his field of expertise for a period of five years.  His losses are continuing in nature and he will suffer additional losses in the future.

44.     Counter-Plaintiff Henderson has retained the services of the undersigned attorneys and is obligated to pay all reasonable fees, costs, and expenses incurred in connection with this action.

## COUNT I – BREACH OF CONTRACT

45.     Counter-Plaintiff Henderson repeats and realleges each and every allegation set forth in the preceding Paragraphs of the counterclaims as if the same were fully set forth herein.

46.     Counter-Plaintiff Henderson intended to complete the term of his Employment Agreement up to and until his retirement.

47.     Counter-Defendants' unilateral termination of Counter-Plaintiff Henderson "for cause" was an arbitrary act on the part of Counter-Defendants that was not supported by any due process, investigation, or supporting evidence and was not in compliance with the notice and cure provisions addressed in the Employment Agreement.

48.     As a consequence of the foregoing, Counter-Plaintiff Henderson has suffered and will continue to suffer substantial damages and financial loss.

**WHEREFORE**, Counter-Plaintiff Henderson demands judgment for damages against Counter-Defendants together with interest, costs, attorneys' fees, and such other relief as this Court deems appropriate.

## COUNT II – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

49.     Counter-Plaintiff Henderson repeats and realleges each and every allegation set forth in the preceding Paragraphs of the counterclaims as if the same were fully set forth herein.

50.     The Employment Agreement was for a 12-month period with automatic renewal and Plaintiff intended to complete the terms of the Employment Agreement until his retirement.

51.     The Counter-Defendants' unilateral termination of Counter-Plaintiff Henderson was a capricious action taken by Counter-Defendants without any support under the Employment Agreement and with wholly insufficient factual

basis.

52.     As a consequence of the foregoing, Counter-Plaintiff Henderson has suffered and will continue to suffer substantial damages and financial loss.

**WHEREFORE**, Counter-Plaintiff Henderson demands judgment for damages against Counter-Defendants together with interest, costs, and such other relief as this Court deems appropriate.

## COUNT III-DEFAMATION

53.     Counter-Plaintiff Henderson repeats and realleges each and every allegation set forth in the preceding Paragraphs of the counterclaims as if the same were fully set forth herein.

54.     Counter-Defendants have caused, or allowed and condoned, or ratified, the false and defamatory statements described above.

55.     These statements have been made and published with Counter-Defendants' knowledge of their falsity, or reckless disregard as to their falsity, or have been made negligently with regard to their falsity, and have not been corrected or withdrawn despite opportunity to do so.

56.     These statements are defamatory *per se* because they maliciously impugn Counter-Plaintiff Henderson's decades long reputation as a professional.

57.     Counter-Defendants' statements were malicious and done to destroy Counter-Plaintiff's standing in his community and in his field of employment.

58.     These false and defamatory statements have harmed Counter-Plaintiff Henderson's reputation, lowering his estimation in the community, and injuring his reputation.

59.     Counter-Defendants' actions are continuing and have caused and continue to cause damage to Counter-Plaintiff, including loss of goodwill, lost opportunities, and damage to his professional reputation.

**WHEREFORE**, Counter-Plaintiff Henderson demands compensatory damages, punitive damages, prejudgment interests and costs, together with such other relief as this Court deems just and proper.  As an additional basis for attorneys' fees and costs, Counter-Plaintiff Henderson has a prevailing party attorneys' fees under his Employment Agreement, as provided at Paragraph 16(f) for breach of Paragraph 10, which addresses non-disparagement.

**/s/ Jennifer Shoaf Richardson**

Jennifer Shoaf Richardson
Florida Bar No. 0067998
EMMANUEL, SHEPPARD & CONDON
30 S. Spring Street
Pensacola, FL  32502
(850) 433-658
**Primary E-mail**:
jrichardson@esclaw.com
**Secondary E-mail**:
adk@esclaw.com
frb@esclaw.com

*Counsel for the Defendant Bryan Henderson*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 8th day of June, 2023, a true copy of the foregoing was filed electronically with the Clerk of the Court by using the CM/ECF System which will send notice of electronic filing to the following:

Alexis Manuel Dominguez, Esq.
Neal Gerber & Eisenberg LLLP Chicago IL
2 N Lasalle Street
Suite 1700
Chicago, IL 60602
Email: adominguez@nge.com

Aliette Delpozo Rodz, Esq.
Shutts & Bowen LLP -Miami FL
200 S Biscayne Blvd, Suite 4100
Miami, FL 33131
Email: arodz@shutts.com

35

*Counsel for Plaintiffs*

and

Ruth Ellen Vafek, Esq.
Berger Singerman LLP -Fort Lauderdale FL
201 E Las Olas Boulevard, Suite 1500
Fort Lauderdale, FL 33301
Email: rvafek@bergersingerman.com

*Counsel for Defendants Crestview City Pharmacy, Inc., Jennifer Reshay Densman, and Christopher Neil Densman*


*/s/ Jennifer Shoaf Richardson*
Jennifer Shoaf Richardson
Florida Bar No. 0067998