UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| OPTIO RX, LLC & <br> CRESTVIEW PHARMACY, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> CRESTVIEW CITY PHARMACY, INC., JENNIFER RESHAY DENSMAN, CHRISTOPHER NEIL DENSMAN & BRYAN HENDERSON, <br><br> Defendants, <br><br> AMANDA DAVEY, CLAUDIA BARNETT, KARI WAITES, VICTORIA BALLARD, MORGAN MEEKS, KYNDALL BARBER & ELLEN STAFFORD <br><br> Nominal Defendants. | Case No. 3:23-cv-08993-MCR-HTC |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO NOMINAL DEFENDANT CLAUDIA BARNETT'S MOTION TO DISMISS**

Plaintiffs Optio Rx, LLC and Crestview Pharmacy, LLC (collectively, "OptioRx"), by and through their undersigned attorneys, respectfully submit this Brief in Opposition to Nominal Defendant Claudia Barnett ("Ms. Barnett") Rule 12(b)(6) Motion to Dismiss (the "Motion"). As specifically addressed below, the Motion lacks merit and should be denied.

35315801.5

## I.   RELEVANT BACKGROUND

In a misguided attempt to avoid participation in this lawsuit, Ms. Barnett has filed her Motion seeking dismissal from this action on two separate grounds: (1) OptioRx "does not allege that Ms. Barnett has any property of [OptioRx]," and (2) the "complaint fails to state a claim" as to Ms. Barnett. (*See* Motion, p. 3.) However, in so arguing, Ms. Barnett relies on misplaced and inapplicable standards incongruent with Eleventh Circuit precedent and ignores the well pleaded allegations set forth in OptioRx's Verified Complaint for Injunctive and Other Relief (the "Compl., Dkt. 1), concerning the reasons for OptioRx's decision to name Ms. Barnetts as a Nominal Defendant.

In particular, the Motion ignores that in the Complaint, OptioRx pleads as follows with respect to the Nominal Defendants, including Ms. Barnett:

1. The Nominal Defendants previously were employed by OptioRx at Crestview Pharmacy. (Compl., ¶ 11.)

2. The Individual Defendants are alleged to have improperly solicited the Nominal Defendants "to resign from their employment with OptioRx *en masse* and to immediately accept competing employment with Crestview City Pharmacy. (*Id.* at ¶ 62.)

3. On April 12, 2023, Ms. Barnett admitted that "she was considering going to work at Crestview City Pharmacy, underscoring that solicitations had taken place." (*Id.*)

4. On April 20, 2023, a resignation *en masse* occurred, resulting in each of the "Nominal Defendants walking off the job without warning" and leaving OptioRx without the staff required operate. (*Id.* at ¶ 68.)

-2-

35315801.5

5. While the Nominal Defendants have not been formally named in the Complaint, they are believed to "have been complicit in the tortious acts complained of" in the Complaint. (*Id.* at ¶ 18.)

6. The Nominal Defendants' interests—including with respect to their current or future employment by Defendant Crestview City Pharmacy—will be affected if injunctive relief is granted against the Defendants." (*Id.*)

7. Specifically, in Count IX, OptioRx seeks "injunctive relief enjoining Defendants from employing any of OptioRx's improperly solicited employees." (*Id.*, p. 43.)

As explained below, the foregoing allegations are sufficient for OptioRx to name Ms. Barnett as a Nominal Defendant and, thus, the Motion should be denied.

## II. MS. BARNETT IS PROPERLY NAMED AS A NOMINAL DEFENDANT

### A. Plaintiffs Need Not Allege the Ms. Barnett Possesses Their Property in Order to Properly Name her as a Nominal Defendant

In support of her Motion, Ms. Barnett avers, based on non-binding Fifth Circuit precedent, that she must be alleged to possess some property of Plaintiffs to be named as a nominal defendant. (Mot., p. 3.) However, Ms. Barnett fails to cite to any Eleventh Circuit case law in support of this argument—likely because the Eleventh Circuit applies an altogether different standard with respect to the classification of Nominal Defendants.

Specifically, controlling Eleventh Circuit precedent makes clear that "[t]here is no bright-line rule to distinguish between 'real and substantial' as opposed to 'nominal or formal' parties." *Payroll Mgmt. v. Lexington Ins. Co.*, 566 Fed. Appx.

35315801.5

796, 799 (11th Cir. 2014). Moreover, contrary to Ms. Barnett's assertion otherwise, the Eleventh Circuit notes that nominal parties are "neither necessary nor indispensable to the action." *Thermoset Corp. v. Building Materials Corp. of America*, 849 F.3d 1313, 1317 (11th Cir. 2017). Instead, "[t]he ultimate test for whether a defendant is nominal is whether in the absence of the defendant, the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." *Id.* This is because a "nominal defendant is a defendant named in a lawsuit not because it is a responsible party, but because the suit would be deficient if it were not named." *In re Universal Health Services*, No. 17-2187, 2019 U.S. Dist. LEXIS 140068, at *4 n.1 (E.D. Pa. Aug. 19, 2019) (citing *Nominal Defendant, Black's Law Dictionary* (11th ed. 2019)).

As Ms. Barnett all but concedes in her Motion, she is named as a Nominal Defendant in the Complaint under precisely such circumstances. (*See* Mot., p 2.) Indeed, as Paragraph 18 of the Complaint notes, Ms. Barnett has "not been formally named" as a Defendant but instead was named as a Nominal Defendant because "with respected to [her] current or future employment by Defendant Crestview City Pharmacy" she "will be affected if injunctive relief is granted against Defendants." (Compl., ¶ 18.) Thus, while Ms. Barnett correctly notes that no claims have been asserted against her, she very clearly may be affected by the outcome of the case. *Compare Thermoset Corp.*, 849 F.3d at 1317-18 (holding that the defendant was

-4-

"more than just a nominal defendant" because the defendant was potentially jointly and severally liable for the damages to the plaintiff and the defendant's "absence would have put [plaintiff] at risk of receiving inadequate relief"); *see also CIC Contrutora, Inc. v. Beccari*, No. 18-60621-CIV-MORE, 2018 U.S. Dist. LEXIS 122973, at *6 (S.D. Fla. July 20, 2018) ("The question of whether or not a named [party] is a nominal party depends on the facts in each case. … A nominal party is 'one who has no interest in the result of the suit and need not have been made a party thereto.'") Accordingly, Ms. Barnett properly has been named as a Nominal Defendant under Eleventh Circuit precedent and should remain in the case.

### B.     Plaintiffs Need Not Assert a Claim as to Ms. Barnett to Properly Name her as a Nominal Defendant

Ms. Barnett also argues in misplaced fashion that, pursuant to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 662 (2009), OptioRx has not pleaded "enough facts to state a claim to relief that is plausible on its face." (Mot., at pp. 3-4.)  In particular, Ms. Barnett claims that she should be dismissed from the case because OptioRx does not allege "that Ms. Barnett harmed them in any way or that Ms. Barnett is responsible for any of the injuries the plaintiffs claim to have suffered." (*Id.* at 4.) But such pleading is neither required, nor appropriate as to a nominal defendant.

As explained above, a nominal defendant is named "not because it is a responsible party, but because the suit would be deficient if it were not named." *In*

*re Universal Health Services*, 2019 U.S. Dist. LEXIS 140068, at \*4 n.1.  Here Plaintiffs named Ms. Barnett as a Nominal Defendant not because they assert any claims against her but, instead, because she may be affected by the relief Plaintiffs seek in this action.[1]  Namely, if Plaintiffs' request for an injunction with respect to Count IX is granted, Ms. Barnett's employment opportunities at Crestview City Pharmacy will be impacted. Plaintiffs expressly allege as much in their Complaint: "Claudia Barnett . . . h[as] been named as [a] Nominal Defendant[] . . . because . . . [her] interests—including with respect to [her] current or future employment by Defendant Crestview City Pharmacy—will be affected if injunctive relief is granted against the Defendants as requested herein." (Compl. at ¶ 18.)  Further, the Prayer for Relief in Count IX of the Complaint, which seeks "injunctive relief enjoining Defendants from employing any of OptioRx's improperly solicited employees," evidences precisely the manner in which Ms. Barnett may be impacted by the outcome of this matter.  (Compl., p. 43.)  Therefore, sufficient allegations have been pled regarding Ms. Barnett to properly name her as a Nominal Defendant.

---

[1] During the May 5, 2023 evidentiary hearing, the Court acknowledged that the Nominal Defendants "don't have any liability or responsibility in connection with the claims in this case." (Transcript of May 5, 2023 Evidentiary Hearing [Dkt. 29], Tr. 15:14-21, 16:2-10.)

35315801.5

## III. CONCLUSION

For the foregoing reasons, Ms. Barnett is properly named as a Nominal Defendant in this action, and Ms. Barnett's Motion to Dismiss should be denied.

Dated: June 13, 2023

Respectfully submitted,

**OPTIO RX, LLC & CRESTVIEW PHARMACY, LLC**

By: /s/ *Alexis M. Dominguez*

Jonathan S. Quinn
(*pro hac vice pending*)
Alexis M. Dominguez
adominguez@nge.com
(*admitted pro hac vice*)
Andrew Hamilton
(*pro hac vice pending*)
NEAL, GERBER & EISENBERG LLP
Two North LaSalle Street
Suite 1700
Chicago, IL 60602-3801
Telephone: (312) 269-8000

Aliette D. Rodz
ARodz@shutts.com
SHUTTS & BOWEN LLP
200 S. Biscayne Boulevard
Suite 4100
Miami, Florida 33131
Telephone: (305) 358-6300

*Attorneys for Plaintiffs Optio Rx, LLC and Crestview Pharmacy, LLC*

35315801.5

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on June 13, 2023, he caused the foregoing document to be electronically filed with the Clerk of Court using CM/ECF, which sent notification of such filing to all counsel of record.

/s/ *Alexis M. Dominguez*

## CERTIFICATION OF WORD COUNT

The undersigned counsel hereby certifies that the relevant portion of the foregoing document contains 1356 words.

/s/ *Alexis M. Dominguez*