UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**OPTIO RX, LLC & CRESTVIEW PHARMACY, LLC,**

    Plaintiffs/Counterclaim Defendants,

v.                                    CASE NO. 3:23cv8993-MCR-HTC

**CRESTVIEW CITY PHARMACY, INC, et al.,**

    Defendants/Counter Claimants.
_____/

## ORDER

Plaintiffs/Counterclaim Defendants have filed a Suggestion of Bankruptcy, ECF No. 169, indicating that Plaintiffs/Counterclaim Defendants Optio Rx, LLC and Crestview Pharmacy, LLC filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. The Court issues this Order to clarify the scope of the automatic stay to the instant action and ensure compliance with 11 U.S.C. § 362(a)(1).

Section 362(a)(1) provides that a bankruptcy filing "operates as a stay" of "a judicial, administrative, or other action or proceeding *against* the debtor . . . ." *Id.* (emphasis added). It is well-established that stays do not operate against proceedings initiated by the debtor. *See Crosby v. Monroe Cnty.*, 394 F.3d 1328,

1331 n.2 (11th Cir. 2004) ("[t]he automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, does not extend to lawsuits initiated by the debtor.").

Although the Eleventh Circuit has not addressed whether counterclaims against a debtor-plaintiff are automatically stayed, courts nationwide agree that multiple claims in one case are assessed separately for purposes of a Section 362(a)(1) automatic stay.

> All proceedings in a single case are not lumped together for purposes of automatic stay analysis. . . .  Within a single case, some actions may be stayed, others not.  Multiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, cross claims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay.

*Parker v. Bain*, 68 F.3d 1131, 1137 (9th Cir. 1995) (quoting *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204-05 (3d Cir. 1992)).  See also *In re Hall*, 304 F.3d 743, 746 (7th Cir. 2002) (quoting *Maritime Electric Co.* and noting that debtor-plaintiff's claims had not been stayed while defendant's counterclaims had been stayed); *Seiko Epson Corp. v. Nu-Kote Int'l, Inc.*, 190 F.3d 1360, 1364 (Fed. Cir. 1999) ("In cases involving multiple parties or multiple claims, the courts have 'disaggregated' the proceedings so that claims against co-defendants who are not under the protection of the bankruptcy court may go forward, as well as claims for which stay is unnecessary to protect the debtor."); *Koolik v. Markowitz*, 40 F.3d 567, 568 (2d Cir. 1994) (holding that an appeal related to a counterclaim against the

debtor-plaintiff was automatically stayed under Section 362(a)(1)); *In re Duncan*, 987 F.2d 490, 491 n.2 (8th Cir. 1993) (quoting *Maritime Electric Co.* approvingly); *Rucker v. Great Dane Petroleum Contractors, Inc*., No. 2:21-CV-207-SPC-MRM, 2021 WL 3617456 (M.D. Fla. Aug. 16, 2021) (applying Section 362(a)(1) automatic stay to the defendant's counterclaims but not to the debtor-plaintiff's claims).

Thus, the counterclaims against Plaintiffs Optio Rx, LLC and Crestview Pharmacy, LLC, are automatically stayed. As creditors, Defendants may seek relief from the automatic stay in the bankruptcy court. *See* 11 U.S.C. § 362(d). The stay will remain in effect until the bankruptcy court lifts it or disposes of the bankruptcy case. *See* 11 U.S.C. § 362(c). Plaintiffs are directed to promptly notify the Court when the stay is lifted.

Accordingly:

1. All Counterclaims made by Defendants Crestview City Pharmacy, Inc., Jennifer Reshay Densman, Christopher Neil Densman, and Bryan Henderson are automatically **STAYED** as against the debtors, Plaintiffs/Counterclaim Defendants Optio RX, LLC and Crestview Pharmacy, LLC. The stay will remain in effect until the bankruptcy case has been disposed of by the bankruptcy court or the stay is otherwise lifted. The Plaintiffs/Counterclaim Defendants are directed to file a report with this Court every 180 days

regarding the status of the bankruptcy case and to promptly notify the Court when the bankruptcy proceedings have concluded or the stay is otherwise lifted.

2. The claims made by Plaintiffs Optio Rx, LLC and Crestview Pharmacy, LLC will proceed according to schedule and the Court's orders.

**DONE AND ORDERED** this 18th day of June 2024.

*M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**